UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTONIO MATA,<br><br>Defendant. | Case No. 14-CR-156(1) (SRN)<br><br><br><br>**ORDER** |

Allen A. Slaughter, Jr., Department of Justice - United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Antonio Mata, Reg. No. 17975-041, FCI-Petersburg Medium, P.O. Box 1000, Petersburg, VA 23804, Pro Se.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Pro Se Motion to Vacate Under 28 U.S.C. § 2255 ("2255 Motion") [Doc. No. 216] and the Pro Se Motion to Appoint Counsel [Doc. No. 215] filed by Defendant Antonio Mata.[1] In addition, before the Court is the Government's Motion to Dismiss Defendant's Motion Under 28 U.S.C. § 2255 as Time-Barred [Doc. No. 220], which the Court also construes as the Government's response in opposition to Defendant's 2255 Motion. Defendant also filed a Reply [Doc. No. 227] in connection with his 2255 Motion. Based on a review of the files, submissions, and

---

[1] Also pending before the Court is Defendant's Pro Se Motion for Compassionate Release [Doc. No. 214], which the Court will address in a separate order.

1

proceedings herein, and for the reasons below, the Court denies Mata's motions, and grants the Government's motion.

I.  **BACKGROUND**

In May 2019, the Government charged Antonio Mata with the following offenses: (1) participating in a conspiracy to distribute methamphetamine;[2] (2) underlying counts for drug distribution and possession; (3) using and carrying a firearm in connection with a drug trafficking crime; and (4) unlawful possession of a firearm by an Armed Career Criminal. (Indictment [Doc. No. 1], Counts 1–7.)

On August 6, 2014, Defendant pleaded guilty to Count 2 of the Indictment, which charged him with possession with intent to distribute 300 grams or more of methamphetamine, violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and Count 6, which charged him with unlawful possession of a firearm as an Armed Career Criminal, in violation of 18 U.S.C. §§ 922(g) and 924(e). (*See* Aug. 6, 2014 Hr'g Minutes [Doc. No. 82].)

Under the Armed Career Criminal Act ("ACCA"), a defendant with three previous convictions for a violent felony or serious drug offense is subject to a fifteen-year mandatory minimum sentence. 18 U.S.C. § 924(e)(1). Mata stipulated to three prior convictions, each punishable by a term of imprisonment exceeding one year: (1) a 2001 conviction for first-degree possession with intent to deliver a controlled substance in Dallas County, Texas; (2) a 2001 conviction for first-degree possession with intent to deliver a

---

[2]  The Indictment also charged two other defendants.

2

controlled substance in Dallas County, Texas; and (3) a 2004 conviction for third-degree criminal sexual conduct with force or coercion in Rice County, Minnesota. (Plea Hr'g Tr. [Doc. No. 171] at 45.)

On March 14, 2016, the Honorable Richard H. Kyle applied the fifteen-year mandatory minimum sentence applicable to Armed Career Criminals under 18 U.S.C. § 924(e), and sentenced Mata to 180 months on each of the two counts, to run concurrently.[3] (Sentencing Judgment [Doc. No. 178] at 1; Sentencing Hr'g Tr. [Doc. No. 187] at 17, 24.)

Shortly thereafter, Mata filed a direct appeal, arguing that his 2004 Minnesota conviction for third-degree criminal sexual conduct with force or coercion did not qualify as a predicate offense under the ACCA. *See United States v. Mata*, 869 F.3d 640 (8th Cir. 2017). In addition, Mata filed a pro se appellate memorandum, arguing that his two Texas drug convictions should have counted as a single offense. *Id*. at 644 n.4. The Eighth Circuit Court of Appeals denied both grounds of appeal. First, it found that the 2004 Minnesota conviction involved the use of physical force sufficient to qualify as a "violent felony" under the ACCA. *Id.* at 644. Second, it noted that the conduct underlying the two Texas drug convictions occurred five days apart, and the ACCA states that such offenses count separately when "committed on occasions different from one another." *Id.* at 644 n.4 (citing 18 U.S.C. § 924(e)(1)).

---

[3] The Government moved to dismiss the remaining counts against Mata, which the Court granted. (Sentencing Judgment at 1.)

Mata petitioned for rehearing and rehearing en banc, which the Eighth Circuit denied on October 18, 2017. *Id*. at 640.

On February 26, 2021, Mata filed the instant § 2255 motion, along with a motion to appoint counsel.[4] In his § 2255 motion, he presents two grounds for relief. First, he argues that his sentence must be vacated because his two Texas drug convictions were not "'serious drug offense[]s' for purposes of the application of § 4B.1.1." (Def.'s § 2255 Mot. at 2) (citing *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016)). Second, he argues that pursuant to *Rehaif v. United States*, 588 U.S. __, 139 S. Ct. 2191 (2019), his felon-in-possession conviction must also be vacated because when he pleaded guilty, the Court failed to advise him that if he went to trial, a jury would have to find that he knew he belonged to a category of persons barred from possessing a firearm at the time of the offense. (*Id.*)

## II.  DISCUSSION

### A.  Statute of Limitations

A one-year statute of limitations applies to § 2255 motions, which runs from the latest of:

> (1) The date on which the judgment of conviction becomes final;
>
> (2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[4]  This matter was reassigned to the undersigned judge in October 2020 [Doc. No. 205].

4

>   (3) The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Two of the limitations provisions in § 2255(f) are potentially implicated here. First, as to the date on which Mata's judgment of conviction became final under § 2255(f)(1), when a judgment of conviction is appealed and affirmed, and a petition for certiorari is not filed, the judgment becomes final when the time expires for filing a petition for certiorari. *See Clay v. United States*, 537 U.S. 522 (2003). Mata sought rehearing of his appeal, which the Eighth Circuit denied on October 18, 2017. *Mata*, 869 F.3d at 640. He then had 90 days in which to petition for certiorari from the United States Supreme Court. S. Ct. R. 13.1. His conviction therefore became final on January 16, 2018. Pursuant to § 2255(f)(1), Mata had one year, i.e., until January 16, 2019, to file his § 2255 petition. He did not file his motion until February 26, 2021—more than two years too late. Accordingly, under § 2255(f)(1), his motion is untimely, and the Court cannot consider his grounds for relief.

Second, to the extent that Mata relies on *Rehaif* as a "right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" under § 2255(f)(3), his *Rehaif* claim is still untimely. Although the Supreme Court did not state whether *Rehaif* claims may be raised on collateral review, assuming that they can, the Supreme Court issued *Rehaif* on June 21, 2019. 139 S. Ct. at 2191. Accordingly,

5

under § 2255(f)(3), Mata was required to file a § 2255 *Rehaif* claim no later than one year later on June 21, 2020. He filed his motion more than eight months too late, on February 26, 2021. Accordingly, Mata's *Rehaif* claim is also untimely under § 2255(f)(3).

Although Mata relies on *Hinkle*, 832 F.3d at 569, in support of his first ground of relief involving his two Texas drug convictions, that case does not trigger a new start date for the statute of limitations under § 2255(f)(3) because it is a Fifth Circuit decision, not a Supreme Court decision. 28 U.S.C. § 2255(4)(3) (stating that one-year limitations period is applicable to rights "initially recognized by the Supreme Court . . . ."). Moreover, *Hinkle* was decided in August 2016, and Mata's § 2255 motion was filed in February 2021, well past the one-year limitations period, if it even applied. Therefore, Mata's first ground for relief is also untimely under § 2255(f)(3).

For all of these reasons, the Court finds that Mata's § 2255 motion is time-barred.

**B.   Equitable Tolling**

The Eighth Circuit has held that the one-year limitations period for § 2255 motions may be equitably tolled where "'extraordinary circumstances' beyond a prisoner's control prevent timely filing." *United States v. Martin*, 408 F.3d 1089, 1092–93 (8th Cir. 2005). For equitable tolling to apply, a prisoner must show that: (1) extraordinary circumstances prevented him from timely filing; and (2) he was diligent in pursuing the § 2255 motion. *Id*. at 1093–95. Equitable tolling is an "exceedingly narrow window for relief." *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005) (quoting *Jihad v. Hvass*, 267 F .3d 803, 805 (8th Cir. 2001)).

6

Mata argues that he was unable to timely file his *Rehaif* claim due to the COVID-19 global pandemic and difficult family circumstances. (Def.'s Reply at 6–7.) As to the pandemic, he states that FCI-Petersburg, where he is incarcerated, was on lockdown for the first six months of the pandemic, and consequently, he lacked access to the law library.[5] (*Id.*) Mata does not identify the date on which the pandemic caused his facility's lockdown, but the Court infers that it was at some point in March 2020, when the World Health Organization declared COVID-19 a pandemic. World Health Organization, *Archived: WHO Timeline—COVID-19* (27 Apr. 2020), https://www.who.int/news/item/27-04-2020-who-timeline---covid-19. While the COVID-19 pandemic was an extraordinary circumstance beyond Mata's control, he fails to show that it prevented him from timely filing his motion, and that he was diligent in pursuing it. Mata could have submitted a *Rehaif* claim in the nine-month period between June 2019 and mid-March 2020, and he has not shown that anything prevented him from doing so. And to the extent that the pandemic made it difficult for him to pursue the claim between mid-March 2020 and the one-year filing deadline of June 21, 2020, he has not demonstrated diligence by seeking a filing extension, for example. *Cf. Martin*, 408 F.3d at 1095 (finding diligence where the petitioner hired an attorney well in advance of the filing deadline; stayed abreast of his case's status; provided his attorney with original documents; filed a complaint with the California Bar when he lost faith in the attorney; moved for extension of time to prepare a

---

[5] Mata raises this argument only with respect to his *Rehaif* claim. (Def.'s Reply at 6) ("Defendant couldn't file [his] *Rehaif* motion in time due to the pandemic.").

7

Section 2255 motion; and when these motions were denied, the petitioner promptly filed a pro se Section 2255 motion). Instead, Mata waited until February 2021 to file his motion, and has failed to demonstrate diligence.

As noted, Mata also contends that his difficult family circumstances constitute "extraordinary circumstances" warranting equitable tolling of his *Rehaif* claim. (Def.'s Reply at 7.) He states that after his release from prison in June 2013, he experienced depression and stress due to his fiance's diagnosis of cancer and his long hours as a machine operator. (*Id*. at 7–8.) Mata notes that his fiancé died in December 2013, and he "fell back to using drugs and selling them due to his future wife [] passing away, and paying bills." (*Id*. at 8.) While the Court is sympathetic to Mata's loss and related difficulties, these events predate the period during which he could have timely filed a *Rehaif* claim by many years, and fail to support equitable tolling.

In sum, Mata has failed to show that extraordinary circumstances beyond his control prevented him from timely filing his *Rehaif* claim, and that he was diligent in pursuing the claim. Accordingly, equitable tolling is unavailable.

### C.     Procedural Default

Even if Mata's *Rehaif* claim were timely, it would be procedurally defaulted. The standard of review applicable to a claim for collateral relief requires a prisoner to "clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). And in particular, "the circumstances under which a guilty plea may be attacked on collateral review" are "strictly limited." *Bousley v. United States*, 523 U.S. 614, 621 (1998). In *Bousley*, the Supreme Court observed, it is "well settled" that a

voluntary and intelligent guilty plea "may not be collaterally attacked." *Id.* (citing *Mabry v. Johnson*, 467 U.S. 504, 508 (1984)). Moreover, because habeas review "is an extraordinary remedy," that "will not be allowed to do service for an appeal," *id.* (citation omitted), the question of whether a plea was voluntary and intelligent can be attacked on collateral review only if it was first challenged on direct review. *Id.* The Supreme Court has further stated, "[T]he concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." *Id.* at 621 (quoting *United States v. Timmreck*, 441 U.S. 780, 784 (1979)).

Here, as in *Bousley*, because Mata did not challenge the validity of his plea on direct appeal, his claim is procedurally defaulted. *Id.*; *see also United States v. Fleming,* No. 18-cr-101(1) (PJD/SER), 2020 WL 5407911, at *1 (D. Minn. Sept. 9, 2020) (finding defendant's *Rehaif* claim, which he did not raise on direct appeal, was procedurally defaulted) (citing *Dejan v. United States*, 208 F.3d 682, 685 (8th Cir. 2000)).

When a claim has been procedurally defaulted, a defendant may raise it on collateral review only under limited circumstances, after demonstrating (1) cause and actual prejudice, or (2) actual innocence. *Bousley*, 523 U.S. at 622 (citations omitted). As for cause, at the time Mata pleaded guilty, the law in the Eighth Circuit, and every Court of Appeals, did not require him to have knowledge of his ineligible status when he possessed the firearm. *See United States v. Garcia-Hernandez*, 803 F.3d 994, 996 (8th Cir. 2015) (providing the previous elements of a § 922(g)(1) offense: "(1) previous conviction of a crime punishable by a term of imprisonment exceeding one year, (2) knowing possession of a firearm, and (3) the firearm was in or affecting interstate commerce.") However, the

9

futility of asserting such an argument is insufficient to establish cause. *See Bousley*, 523 U.S. at 623 (stating, "futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'") (citation omitted); *Fleming*, 2020 WL 5407911, at *1 (finding that status of Eighth Circuit authority at time of guilty plea did not excuse defendant's failure to raise the issue on direct appeal). Accordingly, Mata cannot establish cause.

Nor can Mata establish actual prejudice or actual innocence. Mata contends that he "is entitled to relief if he can show that he is actually innocent of violating § 922(g), which will be the case if he did not know that he fell into one of the categories of persons to whom the offense applies." (Def.'s § 2255 Mot. at 3.) At a minimum, he argues that an evidentiary hearing is necessary to determine "his subjective mental state at the time of the crime." (Id. at 3–4.)

The Court disagrees that a hearing is necessary. Mata does not affirmatively state that he was unaware of his status as a felon, nor that if he had been aware that knowledge-of-status was an element of the offense, he would have gone to trial, *United States v. Caudle*, 968 F.3d 916, 921–22 (8th Cir. 2020) (finding on direct appeal, no reasonable probability that defendant would not have pleaded guilty had he known of *Rehaif*, in light of criminal history demonstrating knowledge of his status as a felon at the time he committed the offense), or that if he had gone to trial, he would have presented evidence that he was unaware of his felon status when he possessed the firearm. *Greer v. United States*, 593 U.S. __, __ S. Ct. __, 2021 WL 2405146, at *4–5 (June 14, 2021). Accordingly, Mata does not demonstrate actual prejudice.

A § 922(g) defendant's awareness of his prohibited status may be established through circumstantial evidence. *See Rehaif*, 139 S. Ct. at 2198 ("[W]e doubt that the obligation to prove a defendant's knowledge of his status will be as burdensome" because "knowledge can be inferred from circumstantial evidence"); *Caudle*, 968 F.3d at 922 (noting the lack of a "plausible ignorance defense" where defendant's criminal history "would undoubtedly have provided sufficient evidence to prove that [he] knew of his status" as a felon when he committed the offense). In *Greer*, 2021 WL 2405146, at *4–5, the Supreme Court recently observed that "demonstrating prejudice under *Rehaif* 'will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons.'" (quoting *United States v. Lavalais*, 960 F.3d 180, 184 (2020)). Indeed, the Supreme Court in *Greer* rejected *Rehaif* claims raised by two defendants convicted on felon-in-possession charges, and noted that the defendants' "prior convictions are substantial evidence that they knew they were felons." *Id.* at *4.

Here, as in *Greer*, *id.*, Mata does not dispute the existence of his prior felony convictions. Rather, he stipulated to them, and when he pleaded guilty, admitted that he was prohibited from possessing a firearm, and did so in violation of the law. (Plea Hr'g Tr. at 44–45.) Moreover, in Mata's Reply memorandum, submitted in response to both the instant § 2255 motion and his compassionate release motion, Mata reaffirms his guilt, stating, "Honorable Judge Nelson, I am guilty for the Federal Crimes I committed." (Def.'s Reply at 9.) The statements in the record are inconsistent with actual innocence, and preclude the need for an evidentiary hearing.

Accordingly, the Court finds that even if Mata's *Rehaif* claim were timely, it would

11

be subject to procedural default because he fails to demonstrate cause and actual prejudice, or actual innocence. His motion is therefore denied on this basis as well.

### D. Evidentiary Hearing

A § 2255 motion may be dismissed without a hearing if: (1) Defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998). Moreover, where the record includes all of the information necessary for the court to rule on the motion, an evidentiary hearing is unnecessary. *Covey v. United States*, 377 F.3d 903, 909 (8th Cir. 2004) (citations omitted). Applying this standard to the allegations and the record, the Court finds that Defendant fails to meet the requirements identified in *Delgado*, 162 F.3d at 983, and the record here includes all the information necessary for the Court to rule. *Covey*, 377 F.3d at 909. Accordingly, no evidentiary hearing is required in this case.

### E. Certificate of Appealability

In order to appeal an adverse decision on a § 2255 motion, a movant must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). This Court has considered whether the issuance of a certificate is appropriate here and finds that no issue raised is "debatable among reasonable jurists." *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994) (citing

*Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam)).  Accordingly, the Court declines to issue a certificate of appealability and his request is denied.

### F. Pro Se Motion to Appoint Counsel

As noted, Mata moves for appointment of counsel with respect to the instant motion and his compassionate release motion.  With respect to his request related to the instant motion, it is denied as moot.  A federal prisoner filing a § 2255 motion does not have a constitutional right to the appointment of counsel.  *United States v. Hubbard*, No. 09–cv–23 (ADM/JJG), 2012 WL 6652865, at *4 (D. Minn. Dec. 21, 2012) (citing *Baker v. United States*, 334 F.2d 444, 447–48 (8th Cir. 1964) (holding that § 2255 litigants have no constitutional right to appointment of counsel)).  Rather, the decision to appoint counsel in a § 2255 case lies in the sound discretion of the district court, *Baker*, 334 F.2d at 448, which determines whether the "the interests of justice so require" appointed counsel. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. § 2255(g).  In making this determination, the district court must first consider whether the petitioner has presented non-frivolous claims.  *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994) (citing *Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990)).  If the claims presented are frivolous or otherwise without merit, they must be dismissed on the merits without the appointment of counsel.  *Id*.  However, if the petitioner presents non-frivolous claims, the court is guided by factors in evaluating whether counsel should be appointed, including "the factual and legal complexity of the case, and the petitioner's ability both to investigate and to articulate his claims without court appointed counsel." *Battle*, 902 F.2d at 702 (citations omitted).

Although the Court finds that Mata's claims are time-barred, he has capably represented himself by filing his motions and supporting memoranda and citing applicable legal authority. Accordingly, his request for appointment of counsel is denied as moot.

## III. CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that

1. Defendant's Pro Se Motion to Vacate Under 28 U.S.C. § 2255 [Doc. No. 216] is **DENIED** and **DISMISSED** as time-barred;

2. Defendant's Pro Se Motion to Appoint Counsel [Doc. No. 215] is **DENIED AS MOOT**;

3. The Government's Motion to Dismiss Defendant's Motion Under 28 U.S.C. § 2255 as Time-Barred [Doc. No. 220] is **GRANTED**; and

4. The Court will not issue a Certificate of Appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: June 15, 2021                                s/Susan Richard Nelson
                                                    SUSAN RICHARD NELSON
                                                    United States District Judge